1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amos Beverett,<br><br>                    Petitioner,<br><br>vs.<br><br>Charles L Ryan, et al.,<br><br>                    Respondents. | No. CV 13-01303-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus, pursuant to Tile 28, United States Code, Section 2254, filed by Petitioner, Amos Beverett, an inmate confined at the Arizona State Prison Complex-Yuma-Cibola, in San Luis, AZ. (Doc. 1)[1] Respondents have filed an answer to the petition (Answer). (Doc. 13.) Petitioner has filed a reply (Reply). (Doc. 14.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 4.)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order denying and dismissing the Petition.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

      **A.      Trial Court Proceedings**

This case arises from the prosecution of Petitioner in Arizona Superior Court, Pima County, on the charges of sale or transfer of a narcotic drug based on his

---

[1] "Doc." refers to the documents in this Court's file.

involvement in the sale and/or transfer of cocaine to an undercover officer on three different occasions. *See generally*, Ex. G, BB. The appellate court summarized the facts of the case as follows:

> [O]n three occasions in January 2009, Beverett led undercover Tucson Police Officer Gilbert Martinez into an apartment complex in a "high-crime area" where crack cocaine sales reportedly had been taking place. On each occasion, Edward Byrd was waiting inside the apartment; Martinez gave money to Beverett, who returned with cocaine; and either Byrd handed Martinez a portion of the cocaine or, as was the case during the last sale, Beverett himself "ripped the bag [of crack cocaine] open on the kitchen counter" with Byrd nearby.

(Ex. G at 2.)[2]

Petitioner, through counsel, filed a motion to suppress arguing that the government obtained evidence in violation of his Fourth Amendment rights when law enforcement officers obtained his identity by approaching his residence with a false report of a noise disturbance. (Ex. Z.) The trial court held an evidentiary hearing on the motion, found the investigation technique used by the officers was consensual, and denied Petitioner's motion and set the case for jury trial. (Ex. AA.) On September 29, 2010, Petitioner was convicted of all three counts of sale and/or transfer of a narcotic drug (cocaine base). (Ex. A.) The trial court sentenced Petitioner to concurrent terms of imprisonment of 15.75 years. (Ex. B.)

> B.   Appeal

On April 20, 2010, Petitioner, through counsel, filed a direct appeal raising three issues: (1) the admission of police officers' testimony about their background and

---

[2] Statements drawn from the state appellate court's decision are afforded a presumption of correctness that may be rebutted only by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Wainright v. Witt*, 469 U.S. 412, 426 (1985)(state court's findings are entitled to a presumption of correctness); *State v. Runningeagle*, 686 F.3d 758, 762, n.1 (9th Cir. 2012)(statement of facts drawn from the state appellate court's decision is afforded a presumption of correctness that may be rebutted only by clear and convincing evidence); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009)(same).

investigation of him was fundamental and prejudicial error; (2) prosecutorial misconduct deprived him of his rights to due process and a fair trial; and (3) the jury instruction on accomplice liability was erroneous. (Ex. D.) On December 14, 2011, the Arizona Court of Appeals found that these arguments had not been raised in the trial court, and, reviewing them for fundamental and prejudicial error only, affirmed Petitioner's convictions and sentences. (Ex. G.)

The Arizona Supreme Court dismissed the matter on March 5, 2012, when Petitioner failed to timely file a petition for review. (Ex. H.)

C.   <u>Petition for Post-Conviction Relief</u>

On January 18, 2012, Petitioner filed a notice of post-conviction relief (PCR) pursuant to Rule 32, Arizona Rules of Criminal Procedure. (Ex. I.) The trial court appointed counsel (Ex. J) but subsequently, at Petitioner's request (Ex. K) relieved counsel from any further obligations and ordered that Petitioner file the PCR petition within 60 days of receiving the record, but no later than May 4, 2012. (Ex. L.)

Petitioner timely filed his PCR petition on March 7, 2012, arguing that his trial counsel had been ineffective in failing to file a motion to suppress the evidence obtained by the police following a tip from an anonymous source or object to the officer's testimony about the tip at trial. (Ex. M.) The trial court discerned four arguments in the PCR: 1) that his trial counsel had been ineffective because he failed to object to the police use of an anonymous source for commencing their investigation; 2) that his trial counsel had been ineffective in failing to file a motion to suppress the evidence obtained by the police from the anonymous source or object to the officer's testimony about it at trial; 3) that his right to confront the witnesses against him had been violated because his attorney did not subpoena the anonymous source; and 4) that all the evidence obtained as a result of the anonymous tip should have been excluded. (Ex. N, at 1-2.) The trial court summarily dismissed all of these claims. (Ex. N.)

On October 5, 2012, Petitioner filed a petition for review of the trial court's summary dismissal of his PCR claims. (Ex. P.) Petitioner asserted that the police investigation prompted by information obtained from a confidential informant violated

his Fourth Amendment rights, a police officer's testimony about that information constituted inadmissible hearsay in violation of Petitioner's right to confrontation, and his trial attorney was ineffective for failing to raise these arguments at trial. (Ex. Q.)[3] The Arizona Court of Appeals adopted the trial court's ruling on these issues and granted review, but denied relief. (*Id.* at 3.) Additionally, the appellate court declined to review the argument that the violation of his confrontation rights based on the admission of hearsay evidence warrants a new trial under the fundamental error doctrine, finding that, because this argument could have been raised on appeal, it was precluded. (*Id.*)(citing Ariz. R. Crim. P. 32.2(a)(3), (c)).

No petition for review was filed, and, on May 28, 2013, the mandate issued. (Ex. R.)

### D.    Special Actions/Further Petitions for Post-Conviction Relief

On May 9, 2013, the trial court issued an order stating it had received a notice of post-conviction relief that day from Petitioner in which he asserted that the trial court had lacked jurisdiction because the indictment was defective. (Ex. S.) The document Petitioner had submitted to the court was entitled "Statutory Petition for Special Action" and was attached to the court's ruling. (*Id.*) The trial court found that Petitioner's claim was precluded because he could have raised the issue of the defective indictment on appeal or in his prior Rule 32 proceeding. (*Id.*)

The same document that the trial court had treated like a successive Rule 32 notice and petition was also filed by the superior court as a civil action on May 24, 2013. (Ex. W.) On May 31, 2013, the trial court dismissed the civil action for lack of jurisdiction, noting that the claim raised was "similar to the factual basis of Defendant's most recent Rule 32 petition" but apparently not realizing that it was the same document. (Ex. X.)

Petitioner filed a petition for review with the court of appeals. (Ex. T.) On October 22, 2013, the court of appeals noted that the trial court had treated Petitioner's "Statutory Petition for Special Action" as a successive PCR notice and petition, found no error in the

---

[3] Respondent's Exhibit Q, supplemented at the direction of this Court, can be found in this Court's docket at Doc. 20-1.

trial court's denial of relief, and likewise denied relief. (Ex. U.) Petitioner also submitted a copy of the trial court's ruling on the civil action as a supplement to his petition for review to the court of appeals. (Ex. Y.) The appellate court declined to consider the supplement, finding that the "civil matter is not properly before this court, and we will not consider that filing." (Ex. U, at 4, n.2.) (citing Ariz. R. Crim. P. 32.9(c)). Petitioner did not file a petition for review with the Arizona Supreme Court. (Ex. V.)

> E.    Federal Proceedings

On October 4, 2013, Petitioner filed this federal habeas corpus petition. (Doc. 1.) Petitioner raises seven grounds for relief: (1) that defense counsel was ineffective in failing to object to testimonial hearsay at trial; (2) that defense counsel was ineffective in failing to file a motion to suppress statements made by an anonymous informant; (3) that defense counsel was ineffective in failing to file a motion to suppress evidence; (4) that defense counsel was ineffective in failing to tell Petitioner that the case involved an anonymous informant; (5) that testimonial hearsay was admitted at trial in violation of Petitioner's rights to due process, confrontation, and a fair trial under the United States and Arizona Constitutions; (6) that testimonial hearsay was admitted at trial in violation of Petitioner's rights to due process, confrontation, and a fair trial under the United States and Arizona Constitutions; and (7) that the Indictment was defective, resulting in violations of Petitioner's rights to due process and a fair trial under the United States and Arizona Constitutions.

## II.    DISCUSSION

> A.    Standard of Review

Because Beverett filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that AEDPA governs federal habeas petitions filed after the date of its enactment, April 24, 1996).

> B.    The Petition is timely.

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the

conclusion of direct review or the expiration of time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2).

Petitioner had until one year after his conviction and sentence became final to file his federal petition. Respondents do not contest the timeliness of the Petition. Upon review of the state-court record, the Magistrate Judge finds that, pursuant to the AEDPA, the Petition is timely.

### C.   Cognizable Claims

Respondents argue that, to the extent Petitioner is attempting to assert a violation of his Arizona Constitutional rights with respect to his claims, this Court should summarily dismiss any such claim. A federal habeas petition must be founded upon assertions that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. While all seven of Petitioner's claims assert violations of federal law, the claims also assert that he is in custody in violation of the Arizona Constitution. These claims are not cognizable in this federal habeas petition; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Accordingly, to the extent Petitioner asserts a violation of his Arizona Constitutional rights with respect to any of his claims, the Magistrate Judge recommends that the District Court deny these claims as non-cognizable on federal habeas review.

### D.   Procedural Default

Petitioner asserts four claims of ineffective assistance of counsel ("IAC") (Grounds One through Four), two claims that testimonial hearsay was admitted at trial in violation of Petitioner's rights to due process, confrontation, and a fair trial under the United States and Arizona Constitutions (Grounds Five and Six) and one claim that the Indictment was defective, resulting in violations of Petitioner's rights to due process and a fair trial under the United States Constitution (Ground Seven). Respondents assert that

Ground One is the only claim that has been fairly presented to the state courts, arguing that all other grounds for relief are procedurally defaulted. (Doc. 13, at 10-13.) The undersigned agrees with Respondents in part, and finds that Grounds One through Three of the Petition are exhausted and should be addressed on the merits, and Grounds Four through Seven are procedurally defaulted.

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the petitioner to dismissal. *Gutierrez v. Griggs*, 695 F.2d 1195 (9th Cir. 1983).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

- 7 -

In Arizona, claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz*, 149 F.3d at 931–32 (finding Rule 32.2(a)(3) regularly followed and adequate).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents

evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

### 1.      Ground One

Petitioner asserts in Ground One of the Petition that his trial counsel was ineffective by refusing, or failing to object, to Officer Martinez's testimony that he had received information from an anonymous informant. (Doc. 1, at 6.) Respondents concede that Petitioner presented that claim to the trial court in his first PCR petition and to the appellate court in his subsequent petition for review, and thus, Petitioner has fairly presented a claim that his trial counsel was ineffective in failing to object to the admission of hearsay testimony. (Doc. 13, at 10) (citing Ex. M, at 6–7; Ex. P, at 5–7.) Upon review of the state-court record, the Magistrate Judge finds that this claim was properly exhausted and addresses the merits of the claim in the Merits section, below.

### 2.      Grounds Two and Three

In Ground Two, Petitioner argues that trial counsel was ineffective for refusing or failing to file a motion to suppress any statements made by the anonymous informant. (Doc. 1, at 7.) Respondents argue that while Petitioner arguably presented this claim to the trial court in his first PCR, he did not present this claim to the court of appeals in his subsequent petition for review. (Doc. 13, at 10) (citing Ex. M at 1, 9-10; Ex. P.) Thus, Respondents assert, Ground Two is procedurally defaulted.

In a similar claim, Petitioner argues in Ground Three that his right to effective assistance of counsel was violated because his trial counsel failed to file a motion to suppress "any evidence obtained unconstitutionally." (Doc. 1 at 8.) Respondents assert that Petitioner failed to fairly present and exhaust this claim and cannot now return to state court to properly exhaust this claim, thus, Ground Three is technically exhausted but procedurally defaulted. (Doc. 13, at 11.)

The Magistrate Judge disagrees with the State's procedural analysis of Grounds Two and Three, agreeing that Petitioner did not clearly raise these issues to the appellate court in his petition for review, but finding the claims exhausted as a result of the

appellate court's consideration of the claims and adoption of the trial court's ruling. See (Ex. Q.)

Petitioner argued in his PCR that trial counsel was ineffective because he refused to file a motion to suppress the anonymous informant's statements, asserting that this violated his right to confront the witness against him under the Sixth Amendment and also violated Petitioner's Fourth Amendment rights. (Ex. M at 9-10.)   Petitioner also argued that his attorney was ineffective for "… not filing a motion to suppress the anonymous information" because the "alleged drug evidence would have been excluded according to the United States Constitution" which "forbids the use of alleged evidence obtained in violation of a person's constitutional rights & then excludes all alleged evidence resulting therefrom out of jury trial as, fruit of the poisonous tree." (Ex. M, at 9.)

The trial court identified the claims presented in Petitioner's PCR as follows: "Petitioner states 'hearsay is strictly forbidden in jury trails by the Constitution of the United States.' Therefore, Petitioner argues, trial counsel was ineffective for failing to file a motion to suppress the evidence, obtained by Officer Martinez, because TPD [the Tucson Police Department] began an investigation based on an anonymous source." (Ex. M at 1.) The trial court summarily denied the claim, concluding that "[n]o anonymous source's hearsay statements were used in stopping or seizing the Petitioner. The Petitioner volunteered that evidence himself when conducting transactions with Officer Martinez. … [T]rial counsel's failure to raise an objection based on the anonymous informant does not meet either prong of the *Strickland[4]* test." (Ex. M at 2.) The trial court also ruled that Petitioner's argument that any evidence stemming from the investigation should be excluded because the undercover operation began with information provided by an anonymous source is without merit because the evidence that was used to convict the Petitioner was admissible, and the court would not "find ineffective assistance when counsel does not raise irrelevant objections to admissible

---

[4] *Strickland v. Washington*, 466 US 668 (1984).

evidence." (Ex. M, at 3.) While Respondents correctly assert that Petitioner did not clearly raise this claim to the court of appeals (*see* Ex. M), the court of appeals noted that the trial court "summarily denied relief, concluding there had been no basis to file a motion to suppress" and that "[o]n review, [Petitioner] repeats his claim of ineffective assistance of counsel, insisting the fact the police investigation was prompted by information from a confidential informant violated his Fourth Amendment rights" and concluded that "the trial court correctly resolved [Petitioner's] claims in a thorough and well-reasoned minute entry" and adopted the trial court's ruling." (Ex. Q[5] at 2-3.) Even if Petitioner did not clearly present a claim to the court of appeals that his trial counsel was ineffective for refusing to file motions to suppress evidence or the informant's statements, the appellate court's consideration of the issue effectively exhausted it. *See Sandgathe v. Maass*, 314 F.3d 371, 376-77 (9th Cir. 2002) (concluding that trial court's express consideration of federal claim that was not fairly presented precludes any exhaustion defense); *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) ("Regardless of whether or how a petitioner has presented a claim, however, that claim has been exhausted if the state courts have in fact ruled on its merits."). Thus, the Magistrate Judge finds that, although Grounds Two and Three may not have been "fairly presented" to the Arizona Court of Appeals, the appellate court considered these claims and adopted the trial court's ruling in denying the claims, thus rendering these claims exhausted. The Magistrate Judge addresses the merits of Grounds Two and Three in the Merits section, below.

### 3.    *Ground Four*

Petitioner asserts in Ground Four that his right to effective assistance of counsel was violated because his trial counsel failed to apprise Petitioner "that [the] present case involved an informant."[6] (Doc. 1 at 9.) Respondents correctly assert that Petitioner failed

---

[5] Exhibit Q in its entirety can be found filed at Document 20 of this Court's docket.

[6] To the extent Ground Four raises an issue that trial counsel failed to file a motion to suppress the informant's statements, this issue is addressed in this Court's analysis of

1
2
3

to fairly present and exhaust this claim and cannot now return to state court to properly exhaust this claim, thus, Ground Three is technically exhausted but procedurally defaulted. (Doc. 13, at 11.)

4
5
6
7
8
9
10
11

Petitioner did not present this claim to the state courts in his PCR proceedings. (Exs. M, P.) Thus, Petitioner has failed to fairly present and exhaust this claim. See *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) ("To exhaust his claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing."). Petitioner cannot return to state court and properly exhaust any such claim. *See* Ariz. R. Crim. P. 32.2, 32.4(a); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996). Accordingly, Ground Four of the Petition is technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1.

12
13
14
15
16

Petitioner asserts that this default should be excused because a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. (Doc. 14, at 7) (citing *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012).)

17
18
19
20
21
22
23
24
25
26
27

A state criminal defendant does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *See, e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Graves v. McEwen*, 731 F.3d 876, 878 (9th Cir. 2013). Accordingly, the general rule is that errors of counsel during a state post-conviction action cannot constitute "cause" to excuse the procedural default of a federal habeas claim. *See, e.g., Coleman*, 501 U.S. at 752; *Clabourne v. Ryan*, 745 F.3d 362, 374 (9th Cir. 2014). However, the Supreme Court's opinion in *Martinez,* 132 S.Ct. 1309, established a limited exception to this general rule, which exception applies only to Sixth Amendment IAC claims. *Martinez* held that inadequate assistance of post-conviction counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at

28

Ground Two.

1315; *Trevino v. Thaler*, ___U.S. ___, 133 S.Ct. 1911, 1918 (2013) ("cause" under *Martinez* consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding), citing *Martinez*, 132 S.Ct. at 1318–19, 1320–21.

Thus, Petitioner can seek habeas corpus relief in federal court based on an unexhausted ineffective assistance of trial counsel claim under *Martinez* only if he can show either he had no counsel in his first PCR proceeding or counsel in his first post-conviction relief proceeding was ineffective. *Id.* In this case, Petitioner represented himself during state initial-collateral review proceedings. *See* (Ex. M). This was not a result of appointed counsel's refusal to file a petition or counsel's abandonment of Petitioner altogether, *see Maples v. Thomas*, 132 S.Ct. 912 (2012), but rather because Petitioner did not want the court to appoint a lawyer and requested that he be allowed to represent himself. (Ex. I, at 2; Ex. K; Ex. L.) Having expressly refused the appointment of counsel, Petitioner cannot now argue that either a lack of counsel, or his own failure to raise his claims, constitutes cause for the default. Accordingly, the undersigned determines that Petitioner has failed to demonstrate cause for his failure to exhaust Ground Four.

### 4.    Grounds Five and Six

Petitioner argues in Ground Five that "the unconstitutional usage of testimonial hearsay in violation of [] Petitioner's right to due process, confrontation and a fair trial under the United States [] Constitution." (Doc. 1, at 10.) In a similar argument, Petitioner asserts in Ground Six that "the confrontation right of [] Petitioner was disregarded by the State, in violation of his right to due process, confrontation, and a fair trial under the United States [] Constitution." (Doc. 1, at 11.) Respondents argue that these claims are indistinguishable, and that the appellate court applied a procedural bar to Petitioner's claim that the admission of the alleged hearsay violated his right under the Sixth Amendment to the United States Constitution to confront the witnesses against him. (Doc. 13, at 12) (citing Ex. M, at 6-8; P, at 7.).

The state appellate court's decision is the last reasoned decision on the claim and it explicitly imposes a procedural bar. Accordingly, to the extent this is the claim Petitioner

is attempting to raise in Grounds Five or Six of the Petition, any such claim is procedurally defaulted. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *see also Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Bennett Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

Petitioner argues that the claims should not be precluded because appellate counsel refused to argue any hearsay and confrontation clause violations despite Petitioner's request that these claims be raised. (Doc. 14, at 7.) Petitioner did not raise this issue in his initial collateral-review proceeding in state court, stating that he was "[f]aced with the unenviable choice of filing an ineffective assistance claim against trial or appellate counsel" and he chose to file against trial counsel. (Doc. 14, at 2.) Petitioner cites no law that would dictate that Petitioner can only bring IAC claims against trial counsel or appellate counsel, but not both, in his PCR. The undersigned is aware of no such restriction, and accordingly finds that Petitioner has failed to demonstrate cause for the procedural default of these claims.

### 5. Ground Seven

Petitioner argues in Ground Seven that a "defective indictment" violated his constitutional rights. (Doc. 1, at 12.) This is the claim Petitioner raised in his "statutory petition for special action," treated by the state courts as a second Rule 32 proceeding. (Exs. S, U.) The trial court found that this claim was precluded because it could have been raised in a prior proceeding. (Ex. S.) The court of appeals found that the trial court "did not err in finding this claim precluded." (Ex. U, at 4.) Thus, the Court of Appeals' decision is the last reasoned decision on the claim and it explicitly imposes a procedural bar. Accordingly, Ground Seven in the instant Petition is procedurally defaulted. *Nunnemaker*, 501 U.S. at 802; *see also Harris*, 489 U.S. at 264 n.10 (1989); *Bennett*, 322 F.3d at 580.

Accordingly, the Magistrate Judge recommends the District Court dismiss Grounds Four through Seven of the Petition as procedurally defaulted. Petitioner's argument that the special action filed was not a successive Rule 32, and thus the claim should not be precluded is not persuasive. Even if the state court improperly ruled that the claim was procedurally barred, the fact remains that the claim would be nonetheless

1  defaulted for Petitioner's failure to exhaust the issue on direct review.

2         D.    Merits.

3         The AEDPA established a "substantially higher threshold" for habeas relief with

4  the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal

5  criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 473, 475 (2007) (citations

6  omitted). The AEDPA's "'highly deferential standard for evaluating state-court rulings' ...

7  demands that state-court decisions be given the benefit of the doubt." *Woodford v.*

8  *Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (quoting *Lindh*, 521 U.S. at 333 n. 7).

9         Under the AEDPA, a petitioner is not entitled to habeas relief on any claim

10  "adjudicated on the merits" by the state court unless that adjudication:

11         (1) resulted in a decision that was contrary to, or involved an unreasonable
              application of, clearly established Federal law, as determined by the
12            Supreme Court of the United States; or

13         (2) resulted in a decision that was based on an unreasonable determination
              of the facts in light of the evidence presented in the State court
14            proceeding.

15  28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision

16  regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing

17  *Nunnemaker*, 501 U.S. at 803–04); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir.

18  2005). Where the last reasoned state court decision adopted or substantially incorporated

19  the reasoning from a previous decision, it is permissible to look at both decisions to fully

20  ascertain the reasoning of the last decision. *Barker*, 423 F.3d at 1093; *see Weaver v.*

21  *Palmateer*, 455 F.3d 958, 963 n.5 (9th Cir. 2006); *Lambert v. Blodgett*, 393 F.3d 943, 970

22  (9th Cir. 2004); *Lewis v. Lewis*, 321 F.3d 824, 829 (9th Cir. 2003). Here, the Arizona

23  Court of Appeals substantially incorporated the reasoning from the trial court's ruling on

24  the IAC claims in Beverett's PCR. *See* (Ex. Q). Accordingly, the Court looks to the trial

25  court's ruling (Ex. N) to ascertain whether the decision was contrary to, or involved an

26  unreasonable application of, clearly established Federal law, or resulted in a decision that

27  was based on an unreasonable determination of the facts in light of the evidence

28

1  presented in the State court proceeding.

2       "The threshold question under AEDPA is whether [the petitioner] seeks to apply a

3  rule of law that was clearly established at the time his state-court conviction became

4  final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under

5  subsection (d)(1), the Court must first identify the "clearly established Federal law," if

6  any, that governs the sufficiency of the claims on habeas review. "Clearly established"

7  federal law consists of the holdings of the Supreme Court at the time the petitioner's

8  state-court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*,

9  549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *overruled

10  on other grounds Lockyer v. Andrade*, 538 U.S. 63 (2003). Habeas relief cannot be

11  granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional

12  principle advanced by a petitioner, even if lower federal courts have decided the issue.

13  *Williams*, 529 U.S. at 381; *see Musladin*, 549 U.S. at 76-77; *Casey v. Moore*, 386 F.3d

14  896, 907 (9th Cir. 2004). Nevertheless, while only Supreme Court authority is binding,

15  circuit court precedent may be "persuasive" in determining what law is clearly

16  established and whether a state court applied that law unreasonably. *Clark*, 331 F.3d at

17  1069.

18       The Supreme Court has provided guidance in applying each prong of §

19  2254(d)(1). The Court has explained that a state-court decision is "contrary to" the

20  Supreme Court's clearly established precedents if the decision applies a rule that

21  contradicts the governing law set forth in those precedents, thereby reaching a conclusion

22  opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set

23  of facts that is materially indistinguishable from a decision of the Supreme Court but

24  reaches a different result. *Williams,* 529 U.S. at 405–06; *see Early v. Packer,* 537 U.S. 3,

25  8 (2002) (*per curiam*). In characterizing the claims subject to analysis under the "contrary

26  to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the

27  correct legal rule [] to the facts of a prisoner's case would not fit comfortably within §

28  2254(d)(1)'s 'contrary to' clause." *Williams,* 529 U.S. at 406; *see Lambert,* 393 F.3d at

974.

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams,* 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state-court decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan,* 550 U.S. at 473; *Viscotti,* 537 U.S. at 25. In conducting review under § 2254(d)(1), this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, ——— U.S. ———, 131 S.Ct. 1388, 1398–99 (2011).

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state-court decision was based upon an unreasonable determination of the facts. *Miller–El v. Dretke,* 545 U.S. 231, 240 (2005) (*Miller–El II* ). A state-court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El,* 537 U.S. 322, 340 (2003) ( *Miller–El I* ); *see Taylor*, 366 F.3d at 999. In considering a challenge under § 2254(d)(2), state-court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan,* 550 U.S. at 473–74; *Miller–El II,* 545 U.S. at 240.

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy two separate requirements: he must (1) show that counsel's performance fell below objective standards of reasonableness and "outside the wide range of professionally competent assistance", and (2) establish that counsel's performance prejudiced Petitioner by creating "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984); *see also Williams,* 529 U.S. at 390; *Kimmelman v. Morrison*, 477 U.S. 365, 375

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(1986). *Strickland* is the clearly established law for ineffective assistance of counsel claims. *See Harrington v. Richter*, 556 U.S. 86, 131 S.Ct. 770, 780 (2011).

In the context of a habeas petition, a petitioner must do more than demonstrate to the federal court that the State court applied *Strickland* incorrectly. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, a petitioner must show the State court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Richter*, 562 U.S. at ___, 131 S.Ct. at 788 (citations omitted); *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2004)(*per curiam*)). The petitioner bears the burden of proving his case, and must convince the district court by a preponderance of evidence of the facts underlying the alleged constitutional error.  *See Lambert*, 393 F.3d at 970 n.16 (citing *McKenzie v. McCormick*, 27 F.3d 1415, 1418-19 (9th Cir. 1994)).

The Arizona Court of Appeals did not expressly rely on *Strickland* in its Memorandum Decision; however, it expressly affirmed the trial court's findings which did rely on *Strickland*. The court of appeals adopted the trial courts findings and analysis of Petitioner's claims, and concluded that Petitioner had failed to demonstrate that the trial court abused its discretion in summarily denying Petitioner's PCR. (Ex. Q, at 3)(citing *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993).) The trial court applied the *Strickland* standard in addressing Beverett's IAC claims. (Ex. N, at 2-3.) Having reviewed the record, the Magistrate Judge finds that the state court did not unreasonably apply *Strickland*.

### 1.    *Grounds One and Two*[7]

Petitioner asserts in Grounds One and Two of the Petition that his trial counsel was ineffective by failing to file a motion to suppress any statement made by the alleged anonymous informant, or by failing to object to Officer Martinez's testimony at trial

---

[7] The Magistrate Judge acknowledges Respondents' request to file a supplemental answer addressing the merits of any claim that the Court finds is not procedurally defaulted. In light of the undersigned's recommendation, however, the Magistrate Judge declines this request.

about what an anonymous informant had told him, arguing that the statement was inadmissible hearsay. (Doc. 1, at 6-7.) Officer Martinez testified at trial that he had "received anonymous information that a suspect by the name of Edward Byrd was selling crack cocaine out of an apartment there." (Ex. BB, Reporter's Transcripts, Jury Trial, Day One, September 28, 2010, at 110). The police officer testified he then called a telephone number provided by the informant and eventually spoke to "Ed" and set up a drug buy. (*Id.* at 110–11.) When the officer went to the apartment, he met with Petitioner and Edward Byrd and gave them money in exchange for cocaine. (*Id.* at 113–16.) The undercover officer conducted two more drug buys with Petitioner and Byrd. (*Id.* at 124–28, 140–52.)

In Petitioner's first PCR proceeding, the trial court found that the evidence was admissible and therefore that Petitioner's trial counsel's "failure to raise an objection based on the anonymous informant does not meet either prong of the *Strickland* test." (Ex. N, at 2–3.) The court of appeals adopted this ruling. (Ex. Q, at 3.) The state court did not unreasonably apply clearly established federal law or unreasonably determine the facts in rejecting this claim.

The Court need not address both components of the test if petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.  Thus, a court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. *See Smith v. Robbins*, 528 U.S. 259, 286 n.14. (2000) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") (quoting *Strickland*, 466 U.S. at 697). For reasons explained below, the Magistrate Judge finds that it is only necessary to address the prejudice prong to resolve Petitioner's IAC claim.

To establish prejudice, a prisoner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id*. "That requires a 'substantial,' not

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. at 1403 (quoting *Richter*, 562 U.S. at ___, 131 S.Ct. at 791). The state court reasonably held that trial counsel's alleged failure to suppress or object to the confidential informant's statements at trial did not result in prejudice to Petitioner.

The evidence establishing Petitioner's guilt was provided, voluntarily, by Petitioner and sufficient on its own to establish that he had committed the offenses for which he was charged. That the investigation began as a result of an anonymous tip is irrelevant to the ultimate determination of Petitioner's guilt. As the appellate court explained in its memorandum decision affirming Petitioner's conviction:

> [T]he undisputed evidence showed that Beverett escorted Martinez to the apartment, delivered the cocaine that Martinez purchased, accepted money for the purchase from Martinez, and addressed questions regarding future purchases and the quantity of cocaine delivered.

(Ex. G, at 5.) Even if Petitioner had successfully suppressed the informant's statement, there is no reasonable probability that the outcome would have been different. Petitioner has presented nothing to show that the state court's decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts.

### 2.   *Ground Three*

Petitioner asserts in Ground Three that trial counsel was ineffective in for failing to file a motion to suppress any evidence obtained in violation of Petitioner's constitutional rights, "knowing before trial the alleged anonymous informant would not appear or testify to corroborate the testimonial hearsay of Officer Martinez." (Doc. 1, at 8.) In Petitioner's first PCR proceeding, the trial court reasoned that anonymous information did not implicate Fourth Amendment search and seizure protections; that Petitioner invited narcotics customers into his residence and consensually and voluntarily provided the evidence to the TPD undercover officer, and that TPD officers acted on this evidence to arrest Petitioner. (Ex. N, at 2.) The evidence was admissible and therefore Petitioner's trial counsel's "failure to raise an objection based on the anonymous

informant does not meet either prong of the *Strickland* test." (Ex. N, at 2–3.) The court of appeals adopted this ruling. (Ex. Q, at 3.) The state court did not unreasonably apply clearly established federal law or unreasonably determine the facts in rejecting this claim.

Again, for reasons explained below, the Magistrate Judge finds that it is only necessary to address the prejudice prong to resolve Petitioner's IAC claim. *See Strickland*, 466 U.S. at 697; *Robbins*, 528 U.S. at 286 n.14. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Morrison,* 477 U.S. at 375. Petitioner has failed to show that there was an illegal seizure of evidence in this case.

The state court reasonably held that trial counsel's alleged failure to suppress or object to the confidential informant's statements at trial did not result in prejudice to Petitioner because Petitioner was not arrested based on information provided by the confidential informant, rather, the evidence establishing probable cause to arrest Petitioner was provided by the Petitioner. Neither did the information from the confidential informant provide probable cause for a search warrant obtained or for any evidence seized from Petitioner. In fact, the evidence was not "seized" at all but provided voluntarily by Petitioner.

Petitioner has presented nothing to show that the state court's decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. Accordingly, his claim of ineffective assistance of counsel related thereto is without merit and must be denied.

Accordingly,

The Magistrate Judge recommends that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b). No reply to any response shall be filed. *See id.* If objections are filed the parties should use the following case number: **CV 13-1303-TUC-DCB.**

If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived.

Dated this 10th day of December, 2014.

Bernardo P. Velasco
United States Magistrate Judge