**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Amos Beverett, | ) | |
| | ) | CV-13-1303-TUC-DCB |
| Petitioner, | ) | |
| v. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 23), which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to the Report and Recommendation. (Doc. 26.) A Reply (Doc. 32) was filed June 22, 2015.

**SUMMARY**

On September 29, 2010, Petitioner was convicted in Pima County Superior Court, case #CR 2009-1782-001, of three counts of sale and/or transfer of a narcotic drug, and was sentenced to concurrent, presumptive prison terms of 15.75 years. On October 18, 2011, Petitioner appealed his convictions and sentences to the Arizona Court of Appeals. *See State v.*

*Beverett*, No. 2 CA-CR 2010-0397, 2011 WL 6226138 (Ariz. Ct. App. Dec. 14, 2011). On December 14, 2011, the Arizona Court of Appeals affirmed the convictions and sentences. On March 7, 2012, Petitioner filed a Rule 32 Petition for Post-Conviction Relief in Pima County Superior Court, which was denied on May 24, 2012. (Doc. 1 at 4). On October 3, 2012, Petitioner sought review of the denial of his Rule 32 Petition for Post-Conviction Relief in the Arizona Court of Appeals. *State v. Beverett*, No. 2 CA-CR 2012-0419-PR, 2013 WL 653698 (Ariz. Ct. App. Feb. 21, 2013). The Arizona Court of Appeals granted review of the Rule 32 petition, but denied relief. *Id.* On May 7, 2013, Petitioner filed a special action in Pima County Superior Court. (Doc. 1 at 5). In his Petition, Petitioner states that, as of October 2, 2013, the Pima County Superior Court had not issued a decision on the special action. (*Id.* at 5). In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises seven grounds for relief: (1) that defense counsel was ineffective in failing to object to testimonial hearsay at trial;(2) that defense counsel was ineffective in failing to file a motion to suppress statements made by an anonymous informant; (3) that defense counsel was ineffective in failing to file a motion to suppress evidence; (4) that defense counsel was ineffective in failing to tell Petitioner that the case involved an anonymous informant; (5) that testimonial hearsay was admitted at trial in violation of Petitioner's rights to due process, confrontation, and a fair trial under the United States and Arizona Constitutions; (6) that testimonial hearsay was admitted at trial in violation of Petitioner's rights to due process, confrontation, and a fair trial under the United States and Arizona Constitutions; and (7) that the Indictment was

defective, resulting in violations of Petitioner's rights to due process and a fair trial under the United States and Arizona Constitutions.

## STANDARD OF REVIEW

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## OBJECTIONS

**A. Procedurally Defaulted Claims: Grounds Four through Seven**

Petitioner asserts four claims of ineffective assistance of counsel (IAC) (Grounds One through Four), two claims that testimonial hearsay was admitted at trial in violation of Petitioner's rights to due process, confrontation, and a fair trial under the United States and Arizona Constitutions (Grounds Five and Six) and one claim that the Indictment was defective, resulting in violations of Petitioner's rights to due process and a fair trial under the United States Constitution (Ground Seven). The R&R found that Grounds One through Three of the Petition are exhausted and went on to address them on the merits, and Grounds Four through Seven were procedurally defaulted.

Petitioner's objections contain no new information that suggests that the conclusions in the R&R are incorrect. The Court agreed with the R&R's finding that the special action filed was not a successive Rule 32, and thus the claim should not be precluded is not persuasive.

Accordingly, this Court will adopt the R&R with reference to Grounds Four through Seven as procedurally defaulted and will dismiss them as such.

**B.  Claims on the Merits: Grounds One Through Three**

Petitioner objects to the magistrate judge's recommendation that his claims in Grounds One through Three fail on the merits. Ground One is Petitioner's claim that his trial counsel was ineffective in failing to object to the admission of hearsay, *i.e.*, the police officer's testimony about what the anonymous informant had told him. (Doc. 1, at 6.) Ground Two is his claim that his trial counsel was ineffective in failing to file a motion to suppress any statements made by the informant. (Doc. 1, at 7.) Ground Three is Petitioner's claim that his trial counsel was ineffective in failing to file a motion to suppress any evidence relating to the anonymous informant that was obtained unconstitutionally. (Doc. 1, at 8.)The magistrate judge found that the state courts did not unreasonably apply the relevant clearly established federal law, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), in resolving these claims. (Doc. 23, at 18-21.) Under this standard, to show ineffective assistance of counsel, a defendant must show both that counsel's actions fell below an objective standard of reasonableness and that the defendant suffered prejudice as a result. *Id*. at 687-88. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

The trial court found that the evidence (the informant's statements) was admissible and therefore trial counsel's "failure to raise an objection based on the anonymous informant does not meet either prong of the *Strickland* test." (Doc. 13, Exh. N, at 2-3.) The court of appeals adopted this ruling. (Doc. 13, Exh. Q, at 2-3.) The magistrate judge found that this was not an unreasonable application of *Strickland*,

addressing only the issue of prejudice. (Doc. 23, at 19-20.)[1] This Court agrees.

Petitioner's Objections do not highlight any new or pertinent law or facts that were left unconsidered or unresolved by the R&R, as reinforced by the Defendant's responses.

## CONCLUSION

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 23) in its entirety. The Objections raised by the Petitioner are **OVERRULED**. The motion to strike (Doc. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this action is **DISMISSED** with prejudice. Final Judgment to enter separately by the Clerk's Office. A Certificate of Appealability is likewise **DENIED**. This action is closed.

DATED this 28th day of October, 2015.

David C. Bury
United States District Judge

---

[1] Petitioner also asserts in his objections that his trial attorney had a "duty to call this anonymous informant to testify" and that his failure to do so was "deficient" and "clearly prejudiced" him. (Doc. 26, at 5.) To the extent Petitioner is attempting to raise a claim that his trial counsel was ineffective in failing to call the informant to testify, he made no such claim in his habeas petition. (Doc. 1.) Although this Court has discretion to consider new claims raised for the first time in objections to a R&R, this Court will decline to do so. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002). First, Petitioner gives no reason for his failure to present this claim in his petition. Second, as explained below, this claim appears to be unexhausted, and therefore could not provide a basis for habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) (a federal court will not grant habeas relief to a petitioner held in state custody unless he or she has exhausted the available state remedies).